IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE RESPER,  *
      Plaintiff,
    v.  * CIVIL ACTION NO. PJM-12-2816

SGT. SIRES, et al.,  *
      Defendant.
          ***

**MEMORANDUM OPINION**

Pending is a Motion to Dismiss, or in the alternative Motion for Summary Judgment filed on behalf of Defendants Lt. Thomas Sires and Sgt. Randolph Bennett. ECF No. 16. Plaintiff filed an opposition response. ECF Nos. 26 & 28. Upon review of papers and exhibits filed, the Court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, the dispositive motion filed by Defendants will be granted.

Background

Plaintiff states that on September 30, 2009, Bennett, under the direction of Sires, filed a false report against Plaintiff and confiscated and destroyed typewriter print wheels in retaliation after Plaintiff filed complaints against employees of the property room. ECF No. 1.

Defendants aver that absent permission from the warden, North Branch Correctional Institution ("NBCI") inmates are permitted to have in their possession one disk wheel for a word processor. ECF No. 15, Ex. 1. On April 28, 2009, four extra wheels were seized from Plaintiff as contraband. *Id*., Exs. 2 & 3. Plaintiff waived his right to a hearing on the issue of forfeiture and was advised the items would be held for 30 days. On May 28, 2009, Bennett contacted Plaintiff advising him that the 30 day period had expired and the property would be disposed of if he did not provide an address where the property could be mailed. *Id*., Ex. 1. Plaintiff advised Bennett he did not wish to

provide an address and was pursuing other means to keep his property. Bennett then began the process of having the property disposed of in accordance with institutional policy. *Id*., Exs. 2 & 3.

Sires states that he did not direct Bennett to file a false report or dispose of the property in retaliation for any complaints Plaintiff made against the property room. *Id*., Ex. 3. Sires explains the word processor disks were confiscated, held and disposed of in accordance with DPSCS policy. *Id*.

Plaintiff indicates that on April 28, 2009, when then the printwheels were confiscated, Sires failed to request an address where the printwheels could be mailed. Rather, Sires advised Plaintiff to contact the education department or his housing unit manager for authorization to retain the printwheels. Plaintiff states that no time frame was provided outlining a deadline by which he needed to secure the authorization. ECF No. 26. Plaintiff further states that contrary to Bennett's averments, Bennett never contacted him regarding the destruction of the printwheels. *Id*.

Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d

514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim). Plaintiff offers nothing in support of his claim other than self-serving conclusory averments that after his arrival at NBCI in possession of contraband, and after writing an excessive force complaint against Baer, he "became a 'target' for the 'Property Posse' for challenges to property personnel's misconduct..." ECF No. 26. There is nothing in the record to suggest that Defendants acted in the manner alleged. "In the prison context, we treat [claims of retaliation] with skepticism because 'every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." *Cochran v. Morris*, 73 F.3de 1310, 1317 (4th Cir. 1996).

To the extent Plaintiff raises a due process claim, his claim fails. In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986). Likewise, unauthorized intentional deprivation of property by a state employee does not constitute a due process violation as long as there are adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

*See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]  Even if Plaintiff's property were improperly destroyed, such a claim does not rise to a constitutional violation.[3]

To the extent Plaintiff alleges that Defendants misinterpreted or misapplied Division of Correction Directives regarding the amount of printwheels he was entitled to possess, his claims fails. To the extent any written directive were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest; thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[4]

A separate Order shall be entered in accordance with this Memorandum Opinion.

February 12, 2014

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.

[3] Plaintiff's bald claims that his First and Fourth Amendment rights were violated by the destruction of his property are unpersuasive. Plaintiff has not provided any evidence that his access to courts was obstructed by the loss of the printwheels. Plaintiff is a prolific litigator in this court and others and was free to file any documents by handwriting them rather than typing them. He has failed to allege, much less demonstrate any actual injury to a legal case arising from the destruction of the printwheels. *See O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) ("Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'").

Additionally, Plaintiff's Fourth Amendment claim is without merit. Inmates have no reasonable expectation of privacy in their prison cell entitling them to protection under the Fourth Amendment against unreasonable searches. *See Hudson*, 468 U.S. at 527-528.

[4] Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).